IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DERRICK DEWAYNE GRUBBS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 121-096 |
| | ) | |
| SHERIFF GARY HUTCHINS, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at Jefferson County Jail in Louisville, Georgia brings the above-captioned case pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this petition be **DISMISSED** without prejudice and this civil action be **CLOSED**.

**I.    BACKGROUND**

On September 14, 2020, based on accusations made by his wife to police officers, Petitioner was charged in the Superior Court of Jefferson County, Georgia with aggravated assault and pointing a gun at another. (Doc. no. 1, p. 16.) At a November 12, 2020 preliminary hearing, Petitioner's wife retracted her accusations. (Id.) During the November 2020 court term, the grand jury indicted Petitioner's wife for perjury and indicted Petitioner for subornation of perjury. (Id.) The grand jury did not indict for battery and possession of a firearm by a convicted felon. (Id.) Petitioner is being held in detention pending trial and is represented by

court-appointed counsel. On May 7, 2021, Petitioner's counsel informed him that his trial, set for May 10, 2021, was being postponed because there "was no room for the case to go to trial," and his case "was going back in front of a Grand Jury in 3 or 4 months." (Id.)

Petitioner filed the following motions in the Superior Court between February 15, 2021 and June 7, 2021:

1. Waiver of Prosecution - February 15, 2021
2. Demand for a Speedy Trial - March 8, 2021
3. Motion to Proceed *pro se* - April 12, 2021
4. Motion to Proceed *pro se* - May 20, 2021
5. Motion to Dismiss - May 20, 2021
6. Motion to Quash Indictment - May 20, 2021
7. Demand for a Speedy Trial - June 7, 2021

(Id. at 17.) Petitioner has not filed a writ of mandamus, appeal, or state habeas petition. (Id. at 5.) Petitioner signed the instant federal petition on June 18, 2021, requesting dismissal of the state case, release from jail, and quashing of the state indictment.

## II.     DISCUSSION

### A.     The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available

procedure, the question presented." Id. § 2254(c) (emphasis added).  A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003).  The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).  However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal.  See Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) (*per curiam*); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).  Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that

3

[the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

### B. Petitioner Failed to Exhaust State Remedies

Here, Petitioner does not allege he has invoked any state court remedies. Indeed, Petitioner's underlying criminal case is awaiting trial and is less than nine months old. (See doc. no. 1, pp. 8-9, 17.) While federal courts may intervene and consider unexhausted claims when a "state court has unreasonably or without explanation failed to address petitions for relief," there has been no unreasonable delay or inaction by the trial court. Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling an inordinate delay can, under certain circumstances, excuse exhaustion).

Further, Petitioner affirmatively states he has pursued no other state court remedy such as a writ of mandamus, direct appeal, or state habeas petition. (See doc. no. 1, pp. 2-5.) Nothing in Petitioner's filing suggests he has been prevented from taking these necessary prerequisites to a federal habeas action. Thus, Petitioner has not demonstrated exhaustion of his available state remedies. See 28 U.S.C. § 2254(b), (c). As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice so he can first give the state courts an opportunity to address his claims

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this

petition be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of July, 2021, at Augusta, Georgia.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA